## COUNTY AUDITORS—FEES.

[Delaware Circuit Court.]

*STATE OF OHIO V. LYMAN P. LEWIS ET AL.

1. OFFICER NOT ENTITLED TO FEES EXCEPT THOSE PROVIDED FOR.

An officer whose fees are regulated by statute can charge fees only for those services for which compensation is fixed by law. Fees are not allowed by implication and there are no constructive fees. A county auditor is not,.

* Affirmed by the Supreme Court without report, 57 Ohio St. 189.

therefore, entitled to fees for attending joint ditch meetings, for making special ditch or road duplicates, for work on commissioners' journal, for work on sheep claims and soldiers' relief funds, for making commissioners' annual report, or for platting county ditches.

**2. Is Liable Though Commissioners Allow Claim.**

A county auditor who receives out of the county treasury any allowance or compensation other than that specially provided by law, is liable under the statute to an action upon his bond, notwithstanding such extra fees were allowed by the county commissioners.

**3. Suit Properly Brought in Name of State.**

The bond of an auditor is made payable to the state and an action thereon to recover money illegally taken from the county treasury, is properly brought under Sec. 1133, Rev. Stat., in the name of the state of Ohio.

**4. Remedy not Restricted to Sec. 896, Rev. Stat.**

Section 896, Rev Stat., providing for an appeal from county commissioners does not apply to proceedings to recover back illegal fees paid to officers on the allowance of such commissioners.

Pomerene, J.

In the case of the State of Ohio against L. P. Lewis and others, and in the case of the same plaintiff against John J. Ramage, the object of the petitions in the court below was for the purpose of recovering back from Lewis, the auditor, and Ramage, the auditor, and their bondsmen the amount of money that was claimed to be illegally taken from the treasury of Delaware county.

There are nine different causes of action in the petition, that is, in the case of Lewis, it being held that the same questions arise in the case against Ramage, and the decision in one would be conclusive in the other.

The petition avers that Lewis was duly elected county auditor of Delaware county in 1892, and as such auditor duly qualified and gave bond in accordance to law, entered upon the duty of his office in 1893, and continued and is still in office. The first cause of action set out in the petition reads (I will not read any others, they are in similar language), "On September 4, 1894, said Lyman P. Lewis, as such auditor aforesaid, unlawfully received on an account duly presented and allowed by the commissioners of said Delaware county for alleged services rendered said county as auditor as aforesaid, for correcting auditor's books after the board of equalization of said county met and for the year 1894 the sum of $27, which said sum was paid the said Lyman P. Lewis out of the county funds in the treasury of said county as compensation for said services.

There is, second, for services for assessing railroads, $30.00; the third count is for services attending joint ditch meeting, $12.00; fourth, for making special ditch duplicate, $635.71; fifth, for making special road duplicate, $35.00; for work on commissioners' journal of said county, $21.69; for work on sheep claims and soldier's relief funds, $100; for making commissioners' annual report, $50.00; and for platting county ditches from September 11, 1893, to September 1, 1895, $112.50; making a total of $1,066.90.

The petition further says that on July 8, 1895, a committee was appointed by the common pleas court of Delaware county, Ohio, to examine the books and papers belonging to the office of county auditor and treasurer, in pursuance to Sec. 1131, Rev. Stat., and on September 24, said committee made their report of their proceedings and the result of

the examination to said court, and it being shown upon the presentation of said report that a breach of the bond of Lyman P. Lewis, as such auditor as aforesaid, had been made as hereinbefore stated; wherefore the plaintiff prays judgment for these several amounts.

Section 1131, Rev. Stat., under which the court of common pleas of this county appointed three persons to make the examination of the books of the auditor and of the treasurer reads this way:

"On the written application of at least twenty taxpayers of any county, to the court of common pleas, the court shall appoint a committee of three persons, to examine the books and papers belonging to the offices of the county auditor and county treasurer, and make report of their proceedings and the result of their examination. Before such committee is appointed, one or more of said taxpayers shall enter into bond to the state, in a sum and with sureties to the satisfaction of the court conditioned that the obligors will pay all the costs and expenses of such examination, if the court does not, on the coming in of such report, certify that there was reasonable ground for the application; and, before entering upon their duties, the members of said committee shall, respectively, take an oath to perform the same faithfully, and in the discharge of their duties, they shall have all the powers given in the preceding section to examiners of the county treasury."

Section 1132, Rev. Stat., reads: "Each member of such committee shall be entitled to be paid three dollars for every day occupied in the discharge of his duties, which, with all the other costs and expenses of such examination, shall be paid out of the county treasury after being approved by said court."

Section 1133, Rev. Stat., reads: "On the presentation of the report, if a breach of the bond of either of said officers is shown, the prosecuting attorney shall forthwith commence an action on the bond of the delinquent officer; and if no such breach is reported, he shall commence an action on the bond of the applicants, unless they forthwith pay to the county said costs and expenses, or the court certifies that there was reasonable ground for the application."

This report shows, as set out here in this petition, there is a breach of the bond of the auditor. The auditor's bond is made payable to the state of Ohio and is for the faithful discharge of his duty as auditor. To the facts set out in this petition the defendant Lewis filed a demurrer, a general demurrer and special demurrer. The general demurrer, first, is that there are not facts stated in the petition sufficient to constitute a cause of action against the defendant; second, that the plaintiff has no legal capacity to sue.

This suit, as it appears from the petition, was brought about by the operation of Secs. 1131 and 1133, Rev. Stat. Section 1133, on the presentation of report of the breach of the bond of auditor or treasurer, provides that the prosecutor shall forthwith commence action on the bond.

The case of State v. Kelly, 32 Ohio St. 421, was an action against the treasurer, and was a suit on the bond. The state of Ohio was made plaintiff, which in such actions was properly brought in the name of the state of Ohio, the obligee of the treasurer's bond. The syllabus, paragraph 1, of this case is:

"A county treasurer who receives out of the county treasury any allowance or compensation other than that specially provided by law, is liable, under the statute, to an action upon his bond, together with his sureties, for double the amount so received."

The second syllabus ʾis this: "Having received such allowance while acting as treasurer, or having received it in his capacity as treasurer, he can not defend against the action, when brought, by claiming that in so receiving he was acting merely as a private indivudual, and not as an official."

In all these different causes of action this language is used, that this auditor "unlawfully received on an account duly presented and allowed by the commissioners for services rendered Delaware county for correcting books," etc. It is made out as auditor for services as auditor, and as auditor it was presented to the commissioners for allowance. It was allowed, and upon that allowance, he, then, as auditor, draws his warrant upon the treasurer for that amount, and is paid.

The object of this suit is to recover back these sums for the reason that they were illegally paid. It is claimed that there is no authority in law by which these claims are allowed. For, all these services therein mentioned the salary allowed an auditor of this county covers; that is the claim. It has long since been settled in Ohio that an officer whose fees are regulated by statute can charge fees only for those services for which compensation is fixed by law. Fees are not allowed by implication. There are no constructive fees. The fees given are mentioned or they are not allowed. That will be found in Debolt v. Trustees, 7 Ohio St. 227; Anderson v. Commissioners, 25 Ohio St. 13.

But this demurrer, being a general demurrer, admitting these facts to be true, the claim is that the commissioners in allowing these claims acted in a judicial capacity and that it was a judgment, and was final. It would be admitting the facts as charged in the petition that there was no authority of law for these fees, but the board of county commissioners duly passed upon it and allowed it, and there was no way of getting around that except by appeal.

There is a statute, Sec. 896, Rev. Stat., that allows appeal from the allowance of commissioners. We do not think that statute applies to cases of this kind. Besides, who would appeal from the judgment of the commissioners? You could hardly expect the commissioners to appeal in this case; hardly expect the auditor to appeal when the claim was allowed; he had the money in his pocket; he was satisfied. The question is, is it a judicial act, such as all are bound by, and for which there is no remedy? We think such a doctrine would be very dangerous in Ohio. An officer making out a claim and presenting it to the commissioners, having it allowed and paid, that that adjudication is final, certainly would be a very dangerous rule in the state of Ohio.

Some authorities have been cited to us from other states pointing in that way, but this case has been before this court before in this circuit, and we find Swartz v. Wayne Co. (Comrs.), *ante* 590, which was recently affirmed in May by the Supreme Court. The court there held that there being no statutory fees given to the probate judge for making out this report, he could not receive them. That was one of the things he had to do at his office. It was further claimed and argued in that case that if settled it was final. It was further claimed that being paid under a mistake of law it could not be recovered. Afterwards, at a subsequent term, suit was brought against the auditor for illegal fees which had been paid to him. In that case, as I remember, the facts were something like this: The auditor was in doubt whether he was entitled to these fees. It was fees for putting taxes on street improvements. He had doubts whether he was entitled to it, and at the close of the term he

attended an auditor's convention in Columbus. The matter was discussed there and their general opinion was that auditors were entitled to extra fees and compensation. He went home and made out a report in accordance with that and presented it to the commissioners who allowed it and paid it. It was conceded upon the trial by all parties that the auditor was an honest man, that there was no intention to deceive the commissioners, and he was a man that would rather give five dollars than take one dollar from the county illegally. But according to the law no fees are given for that service. His salary is compensation for that service, and under the rule of law he is not entitled to it.

The case in Lucas county was cited and also several others. The action brought by the commissioners was not brought upon the bond; this is brought upon the bond in pursuance of this section and rules laid down. So we think clearly that this action is properly brought, and we further think there was no error in judgment of the court of common pleas in overruling the demurrer and the case is affirmed without penalty. (The same entry in both cases.)